**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HOWARD TAYLOR and JUDITH TAYLOR,<br><br>                Plaintiffs,<br><br>     v.<br><br>JEFFREY GURAL,<br><br>                Defendant. | CIVIL ACTION<br><br>No.: 2:23-cv-04882-JHS |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
WITH JURY DEMAND**

Defendant Jeffrey Gural, by and through his undersigned attorneys, by way of answer to the Amended Complaint (Doc. No. 17) of Plaintiffs Howard Taylor and Judith Taylor, states as follows:

**INTRODUCTION[1]**

1.    Defendant admits only that Plaintiffs purport to assert the claims listed in Paragraph 1 of the Amended Complaint.  Defendant otherwise denies any factual allegations in Paragraph 1.

2.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 2 of the Amended Complaint and therefore denies them.

3.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 3 of the Amended Complaint and therefore denies them.

4.    The statements in Paragraph 4 of the Amended Complaint are legal conclusions to which no response is required.  To the extent Paragraph 4 contains factual allegations, they are denied.

---

[1] Headings from Plaintiffs' Amended Complaint are repeated for the convenience of the reader, with no admission of fact intended or implied.

5.      Defendant admits that he has an ownership interest in entities that own the Meadowlands Racetrack, Vernon Downs and Tioga Downs.  Defendant denies the remaining allegations in Paragraph 5 of the Amended Complaint.

6.      Defendant denies the allegations in Paragraph 6 of the Amended Complaint.

7.      Defendant denies the allegations in Paragraph 7 of the Amended Complaint.

8.      Defendant denies any characterization of the Press Release issued on November 3, 2023, which is a written document that speaks for itself.  Defendant otherwise denies the allegations in Paragraph 8 of the Amended Complaint.

9.      Defendant denies the allegations in Paragraph 9 of the Amended Complaint.

10.      Defendant admits that the Meadowlands is a premier racetrack for harness racing and that it hosts certain well-known races, including the Hambletonian, Cane Pace, Fan Duel Championship and Graduate Series races. Defendant otherwise denies the allegations in Paragraph 10 of the Amended Complaint.

11.      Assuming that "this year" referred to 2024, Defendant admits that the Meadowlands hosted the Breeders Crown and otherwise denies any characterization in Paragraph 11 of the Amended Complaint.

12.      Defendant denies the allegations in Paragraph 12 of the Amended Complaint.

13.      Defendant admits only that access to the Meadowlands, Vernon Downs, and Tioga Downs is required to participate in certain racing events that are held at those premises. Defendant otherwise denies the allegations in Paragraph 13 of the Amended Complaint.

14.      Defendant denies the allegations in Paragraph 14 of the Amended Complaint.

15.      Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 15 of the Amended Complaint and therefore denies them.

16.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 16 of the Amended Complaint and therefore denies them.

17.     Defendant denies that he engaged in any illegal or anticompetitive conduct and otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 17 of the Amended Complaint and therefore denies them.

18.     Defendant denies any characterization of the Article published on November 3, 2023, which is a written document that speaks for itself.  Defendant otherwise denies the allegations in Paragraph 18 of the Amended Complaint.

19.     Defendant denies the allegations in Paragraph 19 of the Amended Complaint.

20.     Defendant denies the allegations in Paragraph 20 of the Amended Complaint.

21.     Defendant denies the allegations in Paragraph 21 of the Amended Complaint.

22.     Defendant denies the allegations in Paragraph 22 of the Amended Complaint.

23.     Paragraph 23 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 23 contains factual allegations, they are denied.

24.     Defendant denies the first sentence of Paragraph 24 of the Amended Complaint and otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 24 and therefore denies them.

25.     Defendant denies any characterization of the November 3, 2023 Press Release, which speaks for itself.  Defendant otherwise denies the allegations in Paragraph 25 of the Amended Complaint.

26.     Defendant denies the allegations in Paragraph 26 of the Amended Complaint.

27.     Defendant denies the allegations in Paragraph 27 of the Amended Complaint.

28.     Defendant denies the allegations in Paragraph 2 of the Amended Complaint

## PARTIES

29.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 29 of the Amended Complaint.

30.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 30 of the Amended Complaint.

31.     Defendant admits the allegations in Paragraph 31 of the Amended Complaint.

32.     Defendant admits that he has an ownership interest in entities that own the Meadowlands Racetrack, Vernon Downs and Tioga Downs.  Defendant denies the remaining allegations in Paragraph 32 of the Amended Complaint.

## JURISDICTION AND VENUE

33.     Paragraph 33 of the Amended Complaint is a legal conclusion to which no response is required.  Defendant admits that the Court has subject matter jurisdiction over this action.

34.     Paragraph 34 of the Amended Complaint is a legal conclusion to which no response is required.  Defendant admits that the Court has subject matter jurisdiction over this action.

35.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 35 of the Amended Complaint regarding Howard Taylor's residence. Defendant denies the remaining allegations in Paragraph 35 of the Amended Complaint.

## FACTS

### I.    Background

36.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 36 of the Amended Complaint and therefore denies them.

37.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 37 of the Amended Complaint and therefore denies them.

38.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 38 of the Amended Complaint and therefore denies them.

39.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 39 of the Amended Complaint and therefore denies them.

40.    Defendant admits only that he is a managing member of New Meadowlands Racetrack LLC and has an ownership interest in other racetracks. Defendant denies the remaining allegations in Paragraph 40 of the Amended Complaint.

41.    Defendant denies the allegations in Paragraph 41 of the Amended Complaint.

II.    **The Market for Racetracks and Harness-Racing Horses**

42.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 42 of the Amended Complaint and therefore denies them.

43.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 43 of the Amended Complaint and therefore denies them.

44.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 44 of the Amended Complaint and therefore denies them.

45.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 45 of the Amended Complaint and therefore denies them.

46.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 46 of the Amended Complaint and therefore denies them.

47.    Assuming that "this year" referred to 2024, Defendant admits that the Meadowlands hosted the Breeders Crown and otherwise denies the allegations in Paragraph 47 of the Amended Complaint.

48.    Defendant lacks sufficient knowledge or information to form a belief about the truth

of the allegations in Paragraph 48 of the Amended Complaint and therefore denies them.

49.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 49 of the Amended Complaint and therefore denies them.

50.    Defendant admits only that it has hosted the Cane Pace and Hambletonian. Defendant lacks sufficient knowledge or information to form a belief about the remaining allegations in Paragraph 50 of the Amended Complaint and therefore denies them.

51.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 51 of the Amended Complaint and therefore denies them.

52.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 52 of the Amended Complaint and therefore denies them.

53.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 53 of the Amended Complaint and therefore denies them.

54.    Defendant admits that in the past, it has hosted the races listed in Paragraph 54 of the Amended Complaint, but lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 54.

55.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 55 of the Amended Complaint and therefore denies them..

56.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 56 of the Amended Complaint and therefore denies them.

57.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 57 of the Amended Complaint and therefore denies them.

58.    Defendant admits that it hosts harness races, but lacks sufficient knowledge or information to form a belief about the remaining allegations in Paragraph 58 of the Amended

Complaint and therefore denies them.

59.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 59 of the Amended Complaint and therefore denies them.

### III.    Howard Taylor and the Meadowlands

60.    Defendant admits that Howard Taylor has raced horses at the Meadowlands in the past, but lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 60 of the Amended Complaint and therefore denies them.

61.    Defendant denies that the ban was "improper" and otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 61 of the Amended Complaint and therefore denies them.

62.    Defendant denies that the ban was "improper" and otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 62 of the Amended Complaint and therefore denies them.

63.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 63 of the Amended Complaint and therefore denies them.

64.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 64 of the Amended Complaint and therefore denies them.

65.    Defendant denies that there was any "anticompetitive interference" and otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 65 of the Amended Complaint and therefore denies them.

### IV.    The 2017 Lawsuit

66.    Defendant denies the allegations in Paragraph 66 of the Amended Complaint.

67.    Defendant admits that Howard Taylor filed a lawsuit in 2017 relating to the

cancellation of a race at the Meadowlands.    Defendant otherwise denies the allegations in Paragraph 67 of the Amended Complaint.

68.    Defendant denies the allegations in Paragraph 68 of the Amended Complaint.

**V.    The Fishman Trial**

69.    Defendant admits that he has been involved in working to eradicate PEDs in the horse racing industry.  Defendant denies the characterizations in Paragraph 69 and therefore denies the remaining allegations in Paragraph 69 of the Amended Complaint.

70.    In that the term "assisted" is vague and unclear, Defendant denies the allegations in Paragraph 70 of the Amended Complaint.

71.    Defendant admits that Fishman and Gianelli were convicted in 2022 of federal crimes relating to their distribution of PEDs in connection with the entity Equestology.  Defendant otherwise denies the allegations in Paragraph 71 of the Amended Complaint.  Defendant admits the description of the cases and the reference to the "Fishman trial" in Footnote 1.

72.    Defendant denies that he suggested or had any ability to suggest the Government investigate any person.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaing allegations in Paragraph allegations in Paragraph 72 of the Amended Complaint.

73.    Defendant denies the allegations in Paragraph 73 of the Amended Complaint.

74.    Defendant denies any characterization of Government Exhibit 16000 (the 83-page document), a written document that speaks for itself.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 74 of the Amended Complaint and therefore denies them.

75.    Defendant denies the allegations in Paragraph 75 of the Amended Complaint.

76.     Defendant denies the allegations in Paragraph 76 of the Amended Complaint.

**VI.     The Meadowlands Press Release**

77.     Defendant denies any characterization of the Press Release issued on November 3, 2023, which is a written document that speaks for itself.   Defendant otherwise denies the allegations in Paragraph 77 of the Amended Complaint.

78.     Defendant denies any characterization of the Press Release issued on November 3, 2023, which is a written document that speaks for itself.   Defendant otherwise denies the allegations in Paragraph 78 of the Amended Complaint.

79.     Defendant denies any characterization of the Press Release issued on November 3, 2023, which is a written document that speaks for itself.   Defendant otherwise denies the allegations in Paragraph 79 of the Amended Complaint.

80.     Defendant denies any characterization of the Press Release issued on November 3, 2023, which is a written document that speaks for itself.   Defendant otherwise denies the allegations in Paragraph 80 of the Amended Complaint.

81.     Defendant denies any characterization of the Press Release issued on November 3, 2023, which is a written document that speaks for itself.   Defendant otherwise denies the allegations in Paragraph 81 of the Amended Complaint.

82.     Defendant denies any characterization of the Press Release issued on November 3, 2023, which is a written document that speaks for itself.   Defendant otherwise denies the allegations in Paragraph 82 of the Amended Complaint.

83.     Defendant denies any characterization of the Press Release issued on November 3, 2023, which is a written document that speaks for itself.   Defendant otherwise denies the

allegations in Paragraph 83 of the Amended Complaint.

84.    Defendant denies any characterization of the Press Release issued on November 3, 2023, which is a written document that speaks for itself.  Defendant otherwise denies the allegations in Paragraph 84 of the Amended Complaint.

**VII.    The Thoroughbred Daily News Article**

85.    Defendant denies any characterization of the Article published on November 3, 2023, which is a written document that speaks for itself.  Defendant otherwise denies the allegations in Paragraph 85 of the Amended Complaint.

86.    Defendant denies any characterization of the Article published on November 3, 2023, which is a written document that speaks for itself.  Defendant otherwise denies the allegations in Paragraph 86 of the Amended Complaint.

87.    Defendant denies any characterization of the Article published on November 3, 2023, which is a written document that speaks for itself.  Defendant otherwise denies the allegations in Paragraph 87 of the Amended Complaint.

88.    Defendant denies any characterization of the Article published on November 3, 2023, which is a written document that speaks for itself.  Defendant otherwise denies the allegations in Paragraph 88 of the Amended Complaint.

89.    Defendant denies any characterization of the Article published on November 3, 2023, which is a written document that speaks for itself.  Defendant otherwise denies the allegations in Paragraph 89 of the Amended Complaint.

90.    Defendant denies any characterization of the Article published on November 3, 2023, which is a written document that speaks for itself.  Defendant otherwise denies the allegations in Paragraph 90 of the Amended Complaint.

91.    Defendant denies any characterization of the Article published on November 3, 2023, which is a written document that speaks for itself.  Defendant otherwise denies the allegations in Paragraph 91 of the Amended Complaint.

## VIII.    Defamatory Remarks in Furtherance of the Smear Campaign

92.    Defendant denies the allegations in Paragraph 92 of the Amended Complaint.

93.    Defendant denies the allegations in Paragraph 93 of the Amended Complaint.

94.    Defendant denies the allegations in Paragraph 94 of the Amended Complaint.

95.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 95 of the Amended Complaint.

96.    Defendant admits that he participated in a conference call with the SBOA Board of Directors on November 3, 2023, but denies any characterization of the conference call and otherwise denies the allegations in Paragraph 97 of the Amended Complaint.

97.    Defendant denies the allegations in Paragraph 97 of the Amended Complaint.

98.    Defendant denies the allegations in Paragraph 98 of the Amended Complaint.

99.    Defendant denies the allegations in Paragraph 99 of the Amended Complaint.

100.    Defendant denies the allegations in Paragraph 100 of the Amended Complaint.

## IX.    The Hambletonian Society Defers to Gural's Decision to Exclude Howard Taylor from Meadowlands Races.

101.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 101 of the Amended Complaint and therefore denies them.

102.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 102 of the Amended Complaint and therefore denies them.

103.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 103 of the Amended Complaint and therefore denies them.

104.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 104 of the Amended Complaint and therefore denies them.

105.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 105 of the Amended Complaint and therefore denies them.

106.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 106 of the Amended Complaint and therefore denies them.

**X.    Howard Taylor Sells Interests in Horses to Judith Taylor**

107.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 107 of the Amended Complaint and therefore denies them.

108.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 108 of the Amended Complaint and therefore denies them.

109.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 109 of the Amended Complaint and therefore denies them.

110.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 110 of the Amended Complaint and therefore denies them.

**XI.    Gural Expands the Meadowlands Ban to Judith Taylor**

111.    Defendant denies the allegations in Paragraph 111 of the Amended Complaint.

112.    Defendant denies the allegations in Paragraph 112 of the Amended Complaint.

113.    Defendant denies the allegations in Paragraph 113 of the Amended Complaint.

114.    Defendant denies the allegations in Paragraph 114 of the Amended Complaint.

115.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 115 of the Amended Complaint and therefore denies them.

## XII.    Howard Taylor's Damages

116.    Defendant denies the allegations in Paragraph 116 of the Amended Complaint.

117.    Defendant denies the allegations in Paragraph 117 of the Amended Complaint.

118.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 118 of the Amended Complaint and therefore denies them.

119.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 119 of the Amended Complaint and therefore denies them.

120.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 120 of the Amended Complaint and therefore denies them.

121.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 121 of the Amended Complaint and therefore denies them.

122.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 122 of the Amended Complaint and therefore denies them.

123.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 123 of the Amended Complaint and therefore denies them.

124.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 124 of the Amended Complaint and therefore denies them.

125.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 125 of the Amended Complaint and therefore denies them.

126.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 126 of the Amended Complaint and therefore denies them.

127.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 127 of the Amended Complaint and therefore denies them.

128.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 128 of the Amended Complaint and therefore denies them.

129.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 128 of the Amended Complaint regarding whether Howard Taylor was banned from other racetracks and otherwise denies the allegations in Paragraph 129 of the Amended Complaint.

130.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 130 of the Amended Complaint and therefore denies them.

131.    Defendant denies the allegations in Paragraph 131 of the Amended Complaint.

### XIII.    Judith Taylor's Damages

132.    Defendant denies that Judith Taylor suffered as a result of any of his conduct. Defendants lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 132 of the Amended Complaint and therefore denies them.

133.    Defendant denies that Judith Taylor suffered as a result of any of his conduct. Defendants lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 133 of the Amended Complaint and therefore denies them.

134.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 134 of the Amended Complaint and therefore denies them.

135.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 135 of the Amended Complaint and therefore denies them.

### XIV.    Gural's Anticompetitive Actions are Designed to Eliminate a Competing Owner of Harness-Racing Horses

136.    Defendant admits only that he has an ownership interest in entities that own the listed racetracks. The remaining allegations in Paragraph 136 of the Amended Complaint are

denied.

137.    Defendant admits only that he owns horses. The remaining allegations in Paragraph 137 of the Amended Complaint are denied.

138.    Defendant denies the allegations in Paragraph 138 of the Amended Complaint.

139.    Defendant denies the allegations in Paragraph 139 of the Amended Complaint.

140.    Defendant denies the allegations in Paragraph 140 of the Amended Complaint.

141.    Defendant denies the allegations in Paragraph 141 of the Amended Complaint.

**FIRST CAUSE OF ACTION**
**(Defamation per se)**
**(Howard Taylor v. Gural)**

142.    Defendant repeats and incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

143.    Defendant denies the allegations in Paragraph 143 of the Amended Complaint.

144.    Defendant denies any characterization of the Article, which speaks for itself, and otherwise denies the allegations in Paragraph 144 of the Amended Complaint.

145.    Defendant denies the allegations in Paragraph 145 of the Amended Complaint.

146.    Defendant denies the allegations in Paragraph 146 of the Amended Complaint.

147.    Defendant denies the allegations in Paragraph 147 of the Amended Complaint.

148.    Defendant denies the allegations in Paragraph 148 of the Amended Complaint.

149.    Defendant denies the allegations in Paragraph 149 of the Amended Complaint.

150.    Defendant denies the allegations in Paragraph 150 of the Amended Complaint.

151.    Defendant denies the allegations in Paragraph 151 of the Amended Complaint.

152.    Defendant denies the allegations in Paragraph 152 of the Amended Complaint.

153.    Defendant denies the allegations in Paragraph 153 of the Amended Complaint.

154.    Defendant denies the allegations in Paragraph 154 of the Amended Complaint.

155.    The statements in Paragraph 155 of the Amended Complaint are legal conclusions to which no response is required.  To the extent Paragraph 155 contains factual allegations, they are denied.

156.    The statements in Paragraph 156 of the Amended Complaint are legal conclusions to which no response is required.  To the extent Paragraph 156 contains factual allegations, they are denied.

157.    The statements in Paragraph 157 of the Amended Complaint are legal conclusions to which no response is required.  To the extent Paragraph 157 contains factual allegations, they are denied.

158.    Defendant denies the allegations in Paragraph 158 of the Amended Complaint.

159.    The statements in Paragraph 159 of the Amended Complaint are legal conclusions to which no response is required.  To the extent Paragraph 159 contains factual allegations, they are denied.

160.    Defendant denies that Howard Taylor is entitled to any relief and denies the factual allegations in in Paragraph 160 of the Amended Complaint.

## SECOND CAUSE OF ACTION
### (Defamation)
### (Howard Taylor v. Gural)

161.    Defendant repeats and incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

162.    Defendant denies the allegations in Paragraph 162 of the Amended Complaint.

163.    Defendant denies any characterization of the Article, which speaks for itself, and otherwise denies the allegations in Paragraph 163 of the Amended Complaint.

164.    Defendant denies the allegations in Paragraph 164 of the Amended Complaint.

165.    Defendant denies the allegations in Paragraph 165 of the Amended Complaint.

166.   Defendant denies the allegations in Paragraph 166 of the Amended Complaint.

167.   Defendant denies the allegations in Paragraph 167 of the Amended Complaint.

168.   Defendant denies the allegations in Paragraph 168 of the Amended Complaint.

169.   Defendant denies the allegations in Paragraph 169 of the Amended Complaint.

170.   The statements in Paragraph 170 of the Amended Complaint are legal conclusions to which no response is required.  To the extent Paragraph 170 contains factual allegations, they are denied

171.   Defendant denies the allegations in Paragraph 171 of the Amended Complaint.

172.   Defendant denies the allegations in Paragraph 172 of the Amended Complaint.

173.   Defendant denies the allegations in Paragraph 173 of the Amended Complaint.

174.   Defendant denies the allegations in Paragraph 174 of the Amended Complaint.

175.   The statements in Paragraph 175 of the Amended Complaint are legal conclusions to which no response is required.  To the extent Paragraph 175 contains factual allegations, they are denied.

176.   Defendant denies the allegations in Paragraph 176 of the Amended Complaint.

177.   Defendant denies the allegations in Paragraph 177 of the Amended Complaint.

178.   Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 178 of the Amended Complaint and therefore denies them.

179.   Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 179 of the Amended Complaint and therefore denies them.

180.   Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 180 of the Amended Complaint and therefore denies them.

181.   Defendant denies the allegations in Paragraph 181 of the Amended Complaint.

182.    Defendant denies the allegations in Paragraph 182 of the Amended Complaint.

183.    Defendant denies the allegations in Paragraph 183 of the Amended Complaint.

184.    The statements in Paragraph 184 of the Amended Complaint are legal conclusions to which no response is required.  To the extent Paragraph 184 contains factual allegations, they are denied.

185.    Defendant denies that Howard Taylor is entitled to any relief and denies the factual allegations in in Paragraph 160 of the Amended Complaint.

### THIRD CAUSE OF ACTION
**(Trade Libel)**
**(Howard Taylor v. Gural)**

186.    Defendant repeats and incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

187.    Defendant denies the allegations in Paragraph 187 of the Amended Complaint.

188.    Defendant denies the allegations in Paragraph 188 of the Amended Complaint.

189.    Defendant denies the allegations in Paragraph 189 of the Amended Complaint.

190.    Defendant denies the allegations in Paragraph 190 of the Amended Complaint.

191.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 191 of the Amended Complaint and therefore denies them.

192.    Defendant denies the allegations in Paragraph 192 of the Amended Complaint.

193.    Defendant denies the allegations in Paragraph 193 of the Amended Complaint.

194.    Defendant denies the allegations in Paragraph 194 of the Amended Complaint.

195.    Defendant denies the allegations in Paragraph 195 of the Amended Complaint.

196.    The statements in Paragraph 196 of the Amended Complaint are legal conclusions to which no response is required.  To the extent Paragraph 196 contains factual allegations, they are denied.

197.     Defendant denies the allegations in Paragraph 197 of the Amended Complaint.

198.     Defendant denies the allegations in Paragraph 198 of the Amended Complaint.

199.     Defendant denies the allegations in Paragraph 199 of the Amended Complaint.

200.     The statements in Paragraph 200 of the Amended Complaint are legal conclusions to which no response is required.  To the extent Paragraph 201 contains factual allegations, they are denied.

201.     Defendant denies that Howard Taylor is entitled to any relief and denies the factual allegations in in Paragraph 201 of the Amended Complaint.

### FOURTH CAUSE OF ACTION
#### (False Light)
#### (Howard Taylor v. Gural)

202.     Defendant repeats and incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

203.     Defendant denies the allegations in Paragraph 203 of the Amended Complaint.

204.     Defendant denies the allegations in Paragraph 204 of the Amended Complaint.

205.     Defendant denies the allegations in Paragraph 205 of the Amended Complaint.

206.     Defendant denies the allegations in Paragraph 206 of the Amended Complaint.

207.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 207 of the Amended Complaint and therefore denies them.

208.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 208 of the Amended Complaint and therefore denies them.

209.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 209 of the Amended Complaint and therefore denies them.

210.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 210 of the Amended Complaint and therefore denies them.

211.   Defendant denies the allegations in Paragraph 211 of the Amended Complaint.

212.   Defendant denies the allegations in Paragraph 212 of the Amended Complaint.

213.   Defendant denies the allegations in Paragraph 213 of the Amended Complaint.

214.   Defendant denies the allegations in Paragraph 214 of the Amended Complaint.

215.   Defendant denies the allegations in Paragraph 215 of the Amended Complaint.

216.   Defendant denies the allegations in Paragraph 216 of the Amended Complaint.

217.   Defendant denies the allegations in Paragraph 217 of the Amended Complaint.

218.   Defendant denies the allegations in Paragraph 218 of the Amended Complaint.

219.   Defendant denies the allegations in Paragraph 219 of the Amended Complaint.

220.   Defendant denies the allegations in Paragraph 220 of the Amended Complaint.

221.   Defendant denies the allegations in Paragraph 221 of the Amended Complaint.

222.   Defendant denies that Howard Taylor is entitled to any relief and denies the factual allegations in in Paragraph 201 of the Amended Complaint.

### FIFTH CAUSE OF ACTION
**(Tortious Interference with Contractual Relationships)**
**(Howard Taylor v. Gural)**

223.   Defendant repeats and incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

224.   The statements in Paragraph 224 of the Amended Complaint are legal conclusions to which no response is required.  To the extent Paragraph 224 contains factual allegations, they are denied.

225.   Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 225 of the Amended Complaint and therefore denies them.

226.   Defendant denies the allegations in Paragraph 226 of the Amended Complaint.

227.   Defendant denies the allegations in Paragraph 227 of the Amended Complaint.

228.    Defendant denies the allegations in Paragraph 228 of the Amended Complaint.

229.    Defendant denies the allegations in Paragraph 229 of the Amended Complaint.

230.    Defendant denies the allegations in Paragraph 230 of the Amended Complaint.

231.    Defendant denies the allegations in Paragraph 231 of the Amended Complaint.

232.    Defendant denies the allegations in Paragraph 232 of the Amended Complaint.

233.    Defendant denies the allegations in Paragraph 233 of the Amended Complaint.

234.    Defendant denies the allegations in Paragraph 234 of the Amended Complaint.

235.    Defendant denies the allegations in Paragraph 235 of the Amended Complaint.

236.    Defendant denies the allegations in Paragraph 236 of the Amended Complaint.

237.    Defendant denies that Howard Taylor is entitled to any relief and denies the factual

allegations in in Paragraph 201 of the Amended Complaint.

### SIXTH CAUSE OF ACTION
**(Violation of Sherman Act, Section 2)**
**(Howard Taylor and Judith Taylor v. Gural)**

238.    This Count has been dismissed pursuant to the Court's Order dated February 27,
2025 (Doc. No. 46).

239.    This Count has been dismissed pursuant to the Court's Order dated February 27,
2025 (Doc. No. 46).

240.    This Count has been dismissed pursuant to the Court's Order dated February 27,
2025 (Doc. No. 46).

241.    This Count has been dismissed pursuant to the Court's Order dated February 27,
2025 (Doc. No. 46).

242.    This Count has been dismissed pursuant to the Court's Order dated February 27,
2025 (Doc. No. 46).

243.    This Count has been dismissed pursuant to the Court's Order dated February 27,

2025 (Doc. No. 46).

244.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

245.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

246.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

247.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

248.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

249.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

250.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

251.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

252.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

253.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

254.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

## SEVENTH CAUSE OF ACTION
### (Violation of Sherman Act, Section 1)
### (Judith Taylor v. Gural)[2]

255.    Defendant repeats and incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

256.    Defendant denies the allegations in Paragraph 256 of the Amended Complaint.

257.    Defendant admits only that it has an ownership interest in entities that own racetracks. The remainder of the allegations in Paragraph 257 of the Amended Complaint are denied.

258.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 258 of the Amended Complaint and therefore deny them.

259.    Paragraph 259 contains legal conclusions to which no response is required.  To the extent Paragraph 259 contains factual allegations, they are denied.

260.    Defendant denies the allegations in Paragraph 260 of the Amended Complaint.

261.    Defendant denies the allegations in Paragraph 261 of the Amended Complaint.

262.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 262 of the Amended Complaint and therefore deny them.

263.    Defendant denies the existence of any agreement to ban Howard or Judith Taylor and otherwise denies the allegations in Paragraph 263 of the Amended Complaint.

264.    Defendant admits that Howard Taylor has been prohibited from racing horses at the racetracks in which Defendant has an interest and otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 264 of the Amended Complaint.

---

[2] The Court's February 27, 2025 Order (Doc. No. 46) dismissed this Count as to Plaintiff Howard Taylor.  Defendant's answer relates to the allegations of Plaintiff Judith Taylor.

265.    Defendant admits that Judith Taylor has been prohibited from racing horses at the racetracks in which Defendant has an interest and otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 265 of the Amended Complaint.

266.    Defendant denies the allegations in Paragraph 266 of the Amended Complaint.

267.    Defendant denies the allegations in Paragraph 267 of the Amended Complaint.

268.    Paragraph 268 contains legal conclusions to which no response is required.  To the extent Paragraph 268 contains factual allegations, they are denied.

269.    Defendant denies the allegations in Paragraph 269 of the Amended Complaint.

270.    Defendant denies the allegations in Paragraph 270 of the Amended Complaint.

271.    Defendant denies the allegations in Paragraph 271 of the Amended Complaint.

272.    Defendant denies the allegations in Paragraph 272 of the Amended Complaint.

273.    Defendant denies the allegations in Paragraph 273 of the Amended Complaint.

274.    Defendant denies the allegations in Paragraph 274 of the Amended Complaint.

**EIGHTH CAUSE OF ACTION**
**(Violation of N.J. Stat. Ann. § 56:9-4)**
**(Howard Taylor and Judith Taylor v. Gural)**

275.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

276.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

277.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

278.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

279.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

280.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

281.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

282.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

283.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

284.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

285.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

286.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

287.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

288.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

289.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

290.    This Count has been dismissed pursuant to the Court's Order dated February 27,

2025 (Doc. No. 46).

291.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

## NINTH CAUSE OF ACTION
### (Violation of N.J. Stat. Ann. § 56:9-3)
### (Judith Taylor v. Gural)[3]

292.    Defendant repeats and incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

293.    Defendant denies the allegations in Paragraph 293 of the Amended Complaint.

294.    Defendant denies the allegations in Paragraph 294 of the Amended Complaint.

295.    Defendant admits only that it has an ownership interest in entities that own racetracks. The remainder of the allegations in Paragraph 295 of the Amended Complaint are denied.

296.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 296 of the Amended Complaint and therefore denies them.

297.    Paragraph 297 contains legal conclusions to which no response is required.  To the extent Paragraph 297contains factual allegations, they are denied.

298.    Defendant denies the allegations in Paragraph 298 of the Amended Complaint.

299.    Paragraph 299 contains legal conclusions to which no response is required.  To the extent Paragraph 299 contains factual allegations, they are denied.

300.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 300 of the Amended Complaint and therefore denies them.

---

[3] The Court's February 27, 2025 Order (Doc. No. 46) dismissed this Count as to Plaintiff Howard Taylor.  Defendant's answer relates to the allegations of Plaintiff Judith Taylor.

301.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 301 of the Amended Complaint and therefore denies them.

302.    Defendant admits that Howard Taylor has been prohibited from racing horses at the racetracks in which Defendant has an interest and otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 302 of the Amended Complaint.

303.    Defendant admits that Judith Taylor has been prohibited from racing horses at the racetracks in which Defendant has an interest and otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 303 of the Amended Complaint.

304.    Defendant denies the allegations in Paragraph 304 of the Amended Complaint.

305.    Defendant denies the allegations in Paragraph 305 of the Amended Complaint.

306.    Paragraph 306 contains legal conclusions to which no response is required.  To the extent Paragraph 306 contains factual allegations, they are denied.

307.    Defendant denies the allegations in Paragraph 307 of the Amended Complaint.

308.    Defendant denies the allegations in Paragraph 308 of the Amended Complaint.

309.    Defendant denies the allegations in Paragraph 309 of the Amended Complaint.

310.    Defendant denies the allegations in Paragraph 310 of the Amended Complaint.

311.    Defendant denies the allegations in Paragraph 311 of the Amended Complaint.

312.    Defendant denies the allegations in Paragraph 312 of the Amended Complaint.

**TENTH CAUSE OF ACTION**
**(Violation of the Donnelly Act, N.Y. Gen. Bus. Law § 340)**
**(Judith Taylor v. Gural)[4]**

313.     Defendant repeats and incorporates all of his previous responses as if fully set forth herein.

314.     Defendant denies the allegations in Paragraph 314 of the Amended Complaint.

315.     Defendant admits only that it has an ownership interest in entities that own racetracks. The remainder of the allegations in Paragraph 257 of the Amended Complaint are denied.

316.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 316 of the Amended Complaint and therefore denies them.

317.     Paragraph 317 contains legal conclusions to which no response is required.  To the extent Paragraph 317 contains factual allegations, they are denied..

318.     Defendant denies the allegations in Paragraph 318 of the Amended Complaint.

319.     Paragraph 319 contains legal conclusions to which no response is required.  To the extent Paragraph 319 contains factual allegations, they are denied.

320.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 320 of the Amended Complaint and therefore denies them.

321.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 321 of the Amended Complaint and therefore denies them.

322.     Defendant admits that Howard Taylor has been prohibited from racing horses at the racetracks in which Defendant has an interest and otherwise lacks sufficient knowledge or

---

[4] The Court's February 27, 2025 Order (Doc. No. 46) dismissed this Count as to Plaintiff Howard Taylor.  Defendant's answer relates to the allegations of Plaintiff Judith Taylor.

information to form a belief about the truth of the allegations in Paragraph 322 of the Amended Complaint.

323.    Defendant admits that Judith Taylor has been prohibited from racing horses at the racetracks in which Defendant has an interest and otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 323 of the Amended Complaint.

324.    Defendant denies the allegations in Paragraph 324 of the Amended Complaint.

325.    Defendant denies the allegations in Paragraph 325 of the Amended Complaint.

326.    Paragraph 326 contains legal conclusions to which no response is required.  To the extent Paragraph 326 contains factual allegations, they are denied.

327.    Defendant denies the allegations in Paragraph 327 of the Amended Complaint.

328.    Defendant denies the allegations in Paragraph 328 of the Amended Complaint.

329.    Defendant denies the allegations in Paragraph 329 of the Amended Complaint.

330.    Defendant denies the allegations in Paragraph 330 of the Amended Complaint.

331.    Defendant denies the allegations in Paragraph 331 of the Amended Complaint.

332.    Defendant denies the allegations in Paragraph 332 of the Amended Complaint.

**ELEVENTH CAUSE OF ACTION**
**(Unfair Competition)**
**(Howard Taylor v. Gural)**

333.    Defendant repeats and incorporates all of his previous responses as if fully set forth herein.

334.    Defendant denies the allegations in Paragraph 334 of the Amended Complaint.

335.    Defendant denies the allegations in Paragraph 335 of the Amended Complaint.

336.    Defendant denies the allegations in Paragraph 336 of the Amended Complaint.

337.    Defendant denies the allegations in Paragraph 337 of the Amended Complaint.

338.    Defendant denies the allegations in Paragraph 338 of the Amended Complaint.

339.    Defendant denies the allegations in Paragraph 339 of the Amended Complaint.

340.    Defendant denies the allegations in Paragraph 340 of the Amended Complaint.

**TWELFTH CAUSE OF ACTION**
**(Tortious Interference with Prospective Economic Advantage)**
**(Judith Taylor v. Gural)**

341.    Defendant repeats and incorporates all of his previous responses as if fully set forth herein.

342.    Defendant denies the allegations in Paragraph 342 of the Amended Complaint.

343.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 343 regarding Judith Taylor's expectations and otherwise denies the allegations in Paragraph 343 of the Amended Complaint.

344.    Defendant denies the allegations in Paragraph 344 of the Amended Complaint.

345.    Defendant denies the allegations in Paragraph 345 of the Amended Complaint.

346.    Defendant denies the allegations in Paragraph 346 of the Amended Complaint.

347.    Defendant denies the allegations in Paragraph 347 of the Amended Complaint.

348.    Defendant denies the allegations in Paragraph 348 of the Amended Complaint.

349.    Defendant denies the allegations in Paragraph 349 of the Amended Complaint.

350.    Defendant denies the allegations in Paragraph 350 of the Amended Complaint.

351.    Defendant denies the allegations in Paragraph 351 of the Amended Complaint.

352.    Defendant denies the allegations in Paragraph 352 of the Amended Complaint.

**THIRTEENTH CAUSE OF ACTION**
**(Promissory Estoppel)**

353.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

354.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

355.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

356.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

357.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

358.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

359.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

360.    This Count has been dismissed pursuant to the Court's Order dated February 27, 2025 (Doc. No. 46).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendant respectfully requests that the Court dismiss Plaintiffs' Amended Complaint in its entirety, with prejudice, and enter judgment in his favor and against Plaintiffs, along with costs and such other relief as the Court deems just and reasonable.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses. Defendant expressly reserves the right to supplement, amend, or delete any or all of the following defenses, as warranted by discovery or other investigation, or as justice may require.

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against Defendant upon which relief can be granted, either in whole or in part.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have not sustained any injury or damage by reason of any wrongful act or omission of Defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because all referenced statements are true or substantially true and therefore not defamatory.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because all reference statements of opinions and/or otherwise not defamatory.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Howard Taylor is a public figure or limited-purpose public figure and Defendant did not make any statements knowledge of falsity or reckless disregard of falsity.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because any alleged statements were made without the requisite level of intent.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the underlying actions of Defendant were not tortious.

## EIGHT AFFIRMATIVE DEFENSE

Plaintiffs' tortious interference claims are barred because Defendants actions were privileged.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they cannot prove they suffered any compensable damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to adequately mitigate any damages they purport to have suffered.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages are barred, in whole or in part, because Defendant's actions were not undertaken with willfulness, malice, or reckless indifference to Plaintiffs' legally protected rights.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant has acted in good faith, reasonably, and in accordance with applicable laws, and at all times has had reasonable grounds for believing that any alleged acts or omissions were not violations of Pennsylvania law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclear hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

Judith Taylor's antitrust claims are barred to the extent she cannot prove antitrust standing, including not proving a cognizable antitrust injury or because her damages, if any, were too remote.

## FIFTEENTH AFFIRMATIVE DEFENSE

Judith Taylor's antitrust claims are barred because Defendant acted with legitimate business justifications and because the alleged conduct had pro-competitive justifications.

## SIXTEENTH AFFIRMATIVE DEFENSE

Judith Taylor's antitrust claims are barred under the single entity doctrine.

**WHEREFORE**, Defendant respectfully requests that the Court dismiss Plaintiffs' Amended Complaint in its entirety, with prejudice, and enter judgment in his favor and against Plaintiffs, along with costs and such other relief as the Court deems just and reasonable.

## <u>JURY DEMAND</u>

Defendant demands a trial by jury of all issues so triable.

Respectfully submitted,

Dated:   March 13, 2025

**GENOVA BURNS LLC**

By:   */s/ Angelo J. Genova*
            Angelo J. Genova (PA 205373)
            Lawrence Bluestone (PA 322261)
            19 West 3rd Street
            Media, PA 19063
            Tel: (973) 533-0777
            agenova@genovaburns.com
            lbluestone@genovaburns.com

Brian H. Pandya (pro hac vice)
**DUANE MORRIS LLP**
901 New York Ave. N.W., Suite 700 East
Washington, DC 20001
Phone: (202) 776-7807
BHPandya@duanemorris.com

Sean P. McConnell (PA 307740)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103
Phone: (215) 979-1947
spmcconnell@duanemorris.com

*Attorneys for Defendant Jeffrey Gural*

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of the foregoing Defendant's Answer and Affirmative Defenses to the Amended Complaint was electronically filed on the Court's CM/ECF System on March 13, 2025, which caused a copy to be served on counsel of record for Plaintiffs as follows:

> Tamar S. Wise
> Cozen O'Connor
> 3WTC, 175 Greenwich Street
> 55th Floor
> New York, NY 10172
> 212-883-4924
> twise@cozen.com
>
> Thomas J. Ingalls
> Cozen O'Connor
> 1200 - 19th St NW, Suite 300
> Washington, DC 20036
> 202-471-3411
> tingalls@cozen.com
>
> Catherine Yun
> Joan Taylor
> Cozen O'Connor
> 1650 Market Street, Suite 2800
> Philadelphia, PA 19103
> 215-864-8021
> Fax: 215-665-2013
> cyun@cozen.com
> joantaylor@cozen.com

Dated: March 13, 2025                     */s/ Angelo J. Genova*
                                          Angelo J. Genova