# CM/ECF Cover Notice

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

Case No.: 2:23-cv-04882-JHS

Caption: Howard Taylor, Judith Taylor v. Jeffrey Gural

NOTICE OF FILING - MOTION TO QUASH SUBPOENA

PLEASE TAKE NOTICE that Michael Petrelli, non-party, filed a Motion to Quash Subpoena with the Court on December 3, 2025. The filing includes:

1. Motion to Quash Subpoena

2. Declaration of Michael Petrelli

3. Proposed Order

4. Certificate of Service

This filing responds to the subpoena served by Defendant's counsel, Tamar S. Wise, on or about November 17, 2025.

Contact Information for Non-Party:

Michael Petrelli

40 Park Place, Apt. 9

Goshen, NY 10924

Email: petrelli.michael@yahoo.com

Respectfully submitted,

Dated: December 3, 2025

/s/ Michael Petrelli

Michael Petrelli

Pro Se

## Motion to Quash Subpoena

MOTION TO QUASH SUBPOENA

NOW COMES non-party Michael Petrelli, appearing pro se, and respectfully moves this Court pursuant to Rule 45(d)(3) to quash the subpoena issued by Defendant's counsel.

I. INTRODUCTION

1. The subpoena is directed to a non-party.

2. It demands documents, communications, metadata, and identities of confidential individuals.

3. Compliance imposes undue burden requiring review of previously produced materials.

4. The subpoena is overbroad, duplicative, and disproportionate.

II. FACTUAL BACKGROUND

5. Movant responded fully to the first subpoena on August 6, 2025.

6. A second subpoena was served November 17, 2025.

7. It seeks deeper detail regarding documents already produced.

8. It demands source identities, metadata, and alternate formats.

9. Compliance would violate confidentiality expectations.

III. LEGAL STANDARD

10. Rule 45 requires courts to quash subpoenas that:

- Impose undue burden,

- Seek irrelevant or protected information,

- Require cumulative or overbroad production.

IV. ARGUMENT

A. Undue Burden

12. Responding requires substantial time, re-review, metadata compilation, and disclosure of confidential sources.

13. Non-parties cannot be subjected to cumulative discovery.

B. Irrelevance and Overbreadth

14. The subpoena seeks information unrelated to the claims.

15. Expanded data and alternate formats serve no legitimate discovery purpose.

C. Protected Information

16. Demanding identities of individuals who provided information violates confidentiality and source protection principles.

V. CONCLUSION

Movant requests:

1. That the subpoena be quashed in its entirety;

2. That the Court issue a protective order against further duplicative subpoenas.

Dated: December 3, 2025

/s/ Michael Petrelli

40 Park Place, Apt. 9

Goshen, NY 10924

petrelli.michael@yahoo.com

## Declaration of Michael Petrelli

DECLARATION OF MICHAEL PETRELLI

I, Michael Petrelli, declare:

1. I complied fully with the first subpoena by responding on August 6, 2025.

2. The second subpoena served November 17, 2025 demands source identities, metadata, and additional communications.

3. Producing such information would violate confidentiality commitments.

4. The subpoena is duplicative and imposes undue burden.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 3, 2025

/s/ Michael Petrelli

## Proposed Order

PROPOSED ORDER

IT IS ORDERED that the Motion to Quash Subpoena filed by Michael Petrelli is GRANTED.

The November 17, 2025 subpoena is QUASHED in its entirety.

Dated: _____

United States District Judge

## Certificate of Service

CERTIFICATE OF SERVICE

I certify that on December 3, 2025, I served this filing via ECF upon:

Tamar S. Wise

Cozen O'Connor

3WTC, 175 Greenwich Street, 55th Floor

New York, NY 10007

TWise@cozen.com

/s/ Michael Petrelli

40 Park Place, Apt. 9

Goshen, NY 10924