IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| HOWARD TAYLOR and JUDITH TAYLOR | : | CIVIL ACTION |
| | : | NO. 2:23-cv-04882-JHS |
| Plaintiffs, | : | |
| vs. | : | Hon. Joel H. Slomsky |
| JEFFREY GURAL, | : | |
| Defendant. | : | |
| | : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
ITS RESPONSE IN OPPOSITION TO NON-PARTY MICHAEL PETRELLI'S
MOTION TO QUASH SUBPOENA**

Plaintiffs Howard Taylor and Judith Taylor hereby submit this memorandum of law in opposition to Non-Party Michael Petrelli's Motion to Quash Subpoena (ECF 84).

**I.   INTRODUCTION**

On behalf of the "Equine Advocacy Alliance," Michael Petrelli, a non-party to this action, has posted countless videos on YouTube about the harness-racing industry. Many of these videos discuss Plaintiff Howard Taylor, his ban from the Meadowlands, and other issues at the core of this case—which is why Plaintiffs originally subpoenaed Mr. Petrelli for relevant documents in the Summer of 2025. Mr. Petrelli responded to and produced documents in compliance with that subpoena.

In a recent video posted on the same account in October 2025, Mr. Petrelli read from a letter discussing certain equine performance-enhancing drugs ("PEDs"). Mr. Petrelli then purported to link Mr. Taylor to these PEDs. Because defamatory claims of PED usage are at the heart of this case, Mr. Taylor subpoenaed Mr. Petrelli a second time, seeking two very narrow

categories of information: the letter referenced in the video and documents relating to the PEDs discussed in the video. Mr. Petrelli purported to connect Mr. Taylor to both of these. The documents are therefore relevant to the issues in this case.

Mr. Petrelli has moved to quash the subpoena, arguing vaguely that the subpoena is unduly burdensome and seeks both irrelevant and protected information. Setting aside that the motion is filed in the wrong court, Mr. Petrelli failed to meet his heavy burden to quash the subpoena. His motion should be denied.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Howard Taylor and Judith Taylor—both prominent owners of harness-racing horses with decades of experience—filed suit against Jeffrey Gural alleging defamation, tortious interference, and violations of state and federal antitrust law. ECF No. 17. Plaintiffs initiated this action after Mr. Gural made a series of defamatory statements about Mr. Taylor, accusing Mr. Taylor of directing his trainers to use a PED called "epogen" (also known as "EPO") on his horses. Mr. Gural, who has an ownership interest in three of the premier venues for harness horseracing, then unfairly banned Mr. Taylor's horses from racing at his three tracks. Mr. Gural then extended the ban to Mrs. Taylor.

Mr. Petrelli runs a YouTube channel called Equine Advocacy Alliance, where he posts podcast-style videos about the harness-racing industry and other equine topics. On multiple occasions, Mr. Petrelli posted videos about Mr. Taylor and Mr. Gural's ban of Plaintiffs.

On July 21, 2025, Plaintiffs served Mr. Petrelli with a subpoena (the "First Subpoena"), seeking the following categories of documents:

(1) documents and communications relating to the ban;

(2) documents relating to the defamatory statements; and

(3) communications between Mr. Petrelli and Mr. Gural regarding the Plaintiffs.

*See* Subpoena dated July 10, 2025, hereby attached as Exhibit A. Mr. Petrelli complied with the First Subpoena on August 6, 2025.

On October 7, 2025, Mr. Petrelli posted a video to his YouTube channel entitled *Synthetic Morphine - Part 1 - Who Bought It And Why Are They Still Allowed To Race??*. In the video, he discussed a letter he purportedly received regarding alleged PEDs—BB3, EQ1@5, and the "Fishman Frozen Pain Shot." Mr. Petrelli, through the use of other documents, then tried to connect Mr. Taylor to this letter and the two substances. In light of this new information, Plaintiffs served Mr. Petrelli with a second subpoena on November 17, 2025 (the "Second Subpoena"). *See* Subpoena dated November 12, 2025, hereby attached as Exhibit B. In the Second Subpoena, Plaintiffs requested only two narrow categories of documents relating to that video: the letter and all other documents referenced to in the October 7 YouTube video, as well as all documents and communications pertaining to the substances he discussed in the video, specifically "EQ1@5," the "Fishman Frozen Pain Shot," and/or "BB3." *Id.* at 5.

On November 21, 2025, Mr. Petrelli filed a request for an extension of time to respond to the Second Subpoena, but noted that he "fully intended to comply with" it. ECF No. 80 at 2. Plaintiffs consented to the extension of time and the Court granted Mr. Petrelli's request. ECF No. 82.

Instead of complying with the Second Subpoena, Mr. Petrelli filed a motion to quash on December 3, 2025, and did not otherwise produce any documents. ECF No. 84. Mr. Petrelli objects to the subpoena on the following grounds: (1) it demands documents and communications of confidential individuals, (2) compliance imposes an undue burden because he would have review previously produced materials, and (3) it is overbroad, duplicative, and disproportionate. *See id.* at 3–4.

3

III.     **ARGUMENT**

The scope of discovery is broad and allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Pursuant to Fed. R. Civ. P. 45(a)(1)(D), a party may issue a subpoena commanding a person to produce documents, electronically stored information, or tangible things. While the subpoenaing party "bears the initial burden of demonstrating the requested discovery is relevant," "[r]elevance is generally 'construed broadly to encompass any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *White v. Devereux Found.*, No. 23-2060, 2024 WL 5668920, at *2 (E.D. Pa. Jan. 12, 2024) (quoting *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978)). Once relevance is established, the burden shifts to the party opposing the subpoena to "demonstrate[e] that the subpoenas must be quashed under Rule 45(d)(3). . . ." *Id.*

A non-party seeking to quash a subpoena "bears the burden of demonstrating that the requirements of [FRCP] 45 are satisfied." *Malibu Media, LLC v. John Does 1-15*, No. CIV.A. 12-2077, 2012 WL 3089383, at *5 (E.D. Pa. July 30, 2012). "Courts have described this as a heavy burden." *Id.*

   A.     **Mr. Petrelli Filed His Motion to in the Wrong Court.**

As an initial matter, Mr. Petrelli's motion is improperly brought in this Court. Rule 45 empowers the "court for the district where compliance is required" to quash or modify a subpoena. Therefore, "motions to quash or modify subpoenas must be brought in 'the court for the district where compliance is required.'" *Monroe v. FTS USA, LLC*, No. CV 1:24-MC-00243, 2024 WL 3555367, at *2 (M.D. Pa. July 26, 2024) (quoting Fed. R. Civ. P. 45(d)(3)(A)); *see also Mallet & Co. Inc. v. Lacayo*, No. CV 19-1409, 2020 WL 13672947, at *1 (W.D. Pa. June 29, 2020).

4

Plaintiffs' subpoena requires compliance at Cozen O'Connor's New York, New York office. The district where compliance is required (and any motion to quash brought) is therefore the Southern District of New York, not the Eastern District of Pennsylvania. Mr. Petrelli's motion should be denied for this reason alone. *See Monroe*, 2024 WL 3555367, at *2 (noting that the Court had jurisdiction because, although the case was pending in a different district, the place of compliance for the subpoena was in the Middle District of Pennsylvania).

B.  **The Documents Sought Are Relevant.**

In any event, the motion should be denied on the merits. Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Green v. Cosby*, 314 F.R.D. 164, 171 (E.D. Pa. 2016). Under this generous standard, the documents requested in the Second Subpoena clearly and easily satisfy the relevancy requirements. Plaintiffs seek the documents that Mr. Petrelli references in his October 7, 2025, video and documents relating to the substances he discusses in the video—which Mr. Petrelli himself purported to connect to Mr. Taylor, the defamatory statements at issue in this case, and the ban of Mr. Taylor from various racetracks. *See* Ex. B at 5. The documents therefore "bear[] on, or … reasonably could lead to other matter that could bear on, any issue" in the case, specifically the defamation claims. *White*, 2024 WL 5668920, at *2. They are indisputably relevant.

C.  **Mr. Petrelli Cannot Meet the Heavy Burden Imposed by Rule 45.**

Mr. Petrelli does not and cannot show that the Second Subpoena should be quashed under the any of the narrow grounds outlined in Rule 45. As an initial matter, Mr. Petrelli does not argue that Plaintiffs' subpoena "fails to allow a reasonable time to comply" or that it "requires [him] to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A). He

5

only vaguely argues that the subpoena imposes an undue burden and that it somehow seeks protected information. ECF No. 84 at 4.

Mr. Petrelli claims that the Second Subpoena imposes an undue burden because it "requires substantial time, re-review, metadata compilation, and disclosure of confidential sources." *Id.* But this mischaracterizes the requests in the Second Subpoena, which are entirely distinct from the requests in the First Subpoena and have no overlap. Mr. Petrelli's claims of "cumulative" discovery are therefore inapt. Indeed, the Second Subpoena was prompted by a new video Mr. Petrelli posted *after the First Subpoena*, which referenced information that Mr. Petrelli himself called new. Moreover, the Second Subpoena is extraordinarily limited—it seeks only two narrow requests for documents. *See* Ex. B at 5. These narrow requests can hardly be considered unduly burdensome and they decidedly do not require re-review of any information previously produced given the lack of overlap between the requests.

Nor do the requests qualify as unduly burdensome under any of the factors traditionally considered by this Circuit, which include "relevance, the need for the information requested, whether the information can be obtained by other means, burdens the subpoena may impose, the status of the recipient as a non-party, and the costs of compliance." *Rardon v. Falcon Safety Prods. Inc.*, No. 23-1594, 2023 WL 5347298, at *2 (3d Cir. Aug. 21, 2023). As explained above, the documents are relevant as they pertain directly to the defamatory statements at issue in this case and the banning of Plaintiffs from Mr. Gural's tracks. And because the Second Subpoena seeks documents that Mr. Petrelli, in his own video, claims to have received, the information lies exclusively with Mr. Petrelli. Finally, Mr. Petrelli makes no claims about the cost of compliance for the subpoena's two, very limited requests. Mr. Petrelli, therefore, does not and cannot show that complying with the subpoena will cause him a "clearly defined and serious injury" or any

injury at all. *Pace-O-Matic, Inc. v. Eckert, Seamans Cherin & Mellott*, LLC, No. 1:20-CV-00292, 2025 WL 1372835, at *4 (M.D. Pa. May 12, 2025).

Finally, Mr. Petrelli claims that the Second Subpoena demands "identities of individuals who provided information" which "violates confidentiality and source protection principles." ECF No. 84 at 4. But Mr. Petrelli asserts no specific, legally cognizable privilege—nor can he. Moreover, the subpoena does not request privileged information, but rather explicitly instructs Mr. Petrelli that, if "any responsive document contains both privileged and non-privileged materials," he should "produce the entire document with the privileged material redacted and the fact of redaction clearly indicated." A "subpoena requesting non-privileged records, 'by definition, ... does not raise any privilege concerns." *Paramo v. Aspira Bilingual Cyber Charter Sch.*, No. CV 17-3863, 2018 WL 4538422, at *3 (E.D. Pa. Sept. 21, 2018) (citing *Davis v. General Accident Ins. Co. of Am.*, Civ. A. No. 98-4736, 1999 WL 228944, at *4 (E.D. Pa. Apr. 15, 1999)).

## IV. CONCLUSION

For these reasons, Plaintiffs respectfully request that this court deny Petrelli's Motion to Quash Subpoena.

Dated: December 11, 2025

                                            Respectfully submitted,

                                            COZEN O'CONNOR

                                            By:   */s/ Tamar S. Wise*
                                                      Tamar S. Wise (PA Bar No. 307851)
                                                      Michael B. de Leeuw (*pro hac vice*)
                                                      COZEN O'CONNOR
                                                      3 WTC, 55th Floor
                                                      New York, New York, 10007
                                                      (212) 908-1331

mdeleeuw@cozen.com
twise@cozen.com

Thomas Ingalls (*pro hac vice*)
COZEN O'CONNOR
2001 M Street NW, Suite 500
Washington, D.C. 20036
(202) 471-3411
tingalls@cozen.com

Joan Taylor (PA Bar No. 332607)
Catherine Yun (PA Bar No. 324382)
COZEN O'CONNOR
1650 Market Street, Ste. 2800
Philadelphia, PA 19103
joantaylor@cozen.com
cyun@cozen.com

*Attorneys for Plaintiffs Howard Taylor and Judith Taylor*

## CERTIFICATE OF SERVICE

I, hereby certify that on this 11th day of December, 2025, I served a true and correct copy of the above Response in Opposition and Memorandum of Law in Support thereof upon all parties via the Court's electronic filing system which will automatically serve via email to all parties of record and upon Non-Party Michael Petrelli via e-mail and certified mail, return receipt requested addressed as follows:

>Michael Petrelli
>40 Park Place, Apt. 9
>Goshen, NY 10924
>Petrelli.michael@yahoo.com

*/s/ Joan Taylor*
Joan Taylor (PA Bar No. 332607)

Dated: December 11, 2025