IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOWARD TAYLOR and JUDITH TAYLOR, <br><br> Plaintiffs, <br><br> v. <br><br> JEFFREY GURAL <br><br> Defendant. | CIVIL ACTION <br> NO. 23-4882 |

**ORDER**

**AND NOW**, this 23rd day of December 2025, upon consideration of Non-Party Michael Petrelli's Motion to Quash Subpoena (Doc. Nos. 84) and Plaintiffs Howard Taylor and Judith Taylor's Response in Opposition (Doc. No. 85), it is **ORDERED** that Non-Party Michael Petrelli's Motion to Quash Subpoena (Doc. No. 84) is **DENIED**.[1]

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

---

[1] The instant Motion is improperly before this Court because a motion to squash a subpoena must be brought in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A). In their Response, Plaintiffs assert that the subpoena requires compliance at Cozen O'Connor's New York office, which is located in the Southern District of New York. (Doc. No. 85-1.) As such, the proper jurisdiction for Michael Petrelli to file the instant Motion would be in the Southern District of New York. See Monroe v. FTS USA, LLC, 2024 WL 3555367, at *2 (M.D. Pa. July 26, 2024) (finding that the Court had jurisdiction to quash the subpoena because, although the case was pending in another district, the place of compliance was in the Middle District of Pennsylvania, where the subpoena was served). Therefore, the Motion to Quash Subpoena (Doc. No. 84) will be denied.

1