IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOWARD TAYLOR, et al.,<br>Plaintiffs,<br>v.<br>JEFFREY GURAL,<br>Defendant. | CIVIL ACTION<br>NO. 23-4882 |

## ORDER

**AND NOW**, this 28th day of August 2026, after in camera review by the Court of Defendant's documents submitted under seal for the purpose of determining whether they are protected from disclosure by the attorney-client privilege, the work product doctrine, or both, it is **ORDERED** as follows:

1. The following documents contain communications that satisfy the standards of either the attorney-client privilege or work product doctrine and need not be produced. The attorney-client privilege protects confidential communications between an attorney and client made for the purpose of obtaining or providing legal advice. In re Grand Jury Proceedings, 604 F.2d 798, 801-02 (3d Cir. 1979). The work product doctrine protects materials prepared by or for a party or its representative in anticipation of litigation or for trial. Westinghouse Electric Corp. v. Republic of Phillipines, 951 F.2d 1414, 1428 (3d Cir. 1991). The documents covered by either attorney-client privilege or the work product doctrine are:

    - PRIV000724; PRIV000782[1]

[1] These documents are duplicates of the same email.

- PRIV001082; PRIV001127; PRIV001183[2]
- PRIV001212
- PRIV001220
- PRIV000628; PRIV000544; PRIV000764[3]

2. The remaining documents, except for one email within the documents, must be produced because they are not covered by the attorney-client privilege or the work product doctrine. The documents not covered by either attorney-client privilege or the work product doctrine are:

   - PRIV000839; PRIV000575; PRIV000636; PRIV000661; PRIV000734; PRIV000807; PRIV000822; PRIV000836; PRIV000839; PRIV000856; PRIV000860; PRIV000896; PRIV000918.[4]

---

[2] These documents are emails from the same email chain.

[3] These documents are emails from the same email chain.

[4] The documents contain a single email chain and are all included within PRIV000839 (Doc. No. 99-17). The email sent from Anthony Genova, Esquire on November 11, 2023 at 5:56 p.m. need not be produced because it is covered by the attorney-client privilege and the work product doctrine and shall be redacted from the email chain before the email chain is produced to Plaintiff.

The remaining emails are not covered by the attorney-client privilege, despite counsel being copied on some of the emails, because they are discussions between Defendant and executives of the Meadowlands racetrack about a business decision to ban certain individuals linked to performance enhancing drugs ("PED") from the racetrack. See SmithKline Beecham Corp. v. Apotex Corp., 232 F.R.D. 467, 478 (E.D. Pa. 2005) (holding that routine communications concerning a company's business decisions do not become privileged merely because counsel is copied on correspondence).

The work product doctrine also does not prevent the withholding of these documents. While these emails post-date the November 3, 2023 press release, which listed the individuals who will be banned from the racetrack for using PEDs, these conversations relate to the underlying reasons for that decision and the need for further investigation. They were not prepared for the purpose of anticipated litigation. See Martin v. Bally's Park Place Hotel &

BY THE COURT:

/s/ Joel H. Slomsky

JOEL H. SLOMSKY, J.

---

Casino, 983 F.2d 1252, 1260 (3d Cir. 1993) (holding that the work product doctrine does not protect documents prepared "in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes."); see also Fed. Trade Comm'n v. Abbvie, Inc., No. 14-cv-5151, 2015 WL 8623076, at *4 (E.D. Pa. Dec. 14, 2015) ("Even where the reasonable anticipation of litigation is established, whether the document comes within the purview of the work product [doctrine] still depends primarily on the reason or purpose for the document production.") (further citation omitted).